UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA MARTIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5770** |
| **WINN DIXIE MONTGOMERY, LLC, ET AL.** | **SECTION I** |

## ORDER AND REASONS

The Court has pending before it a motion[1] to remand filed by plaintiff, Melissa Martin. The motion is opposed by defendant, Winn Dixie Montgomery, LLC ("Winn Dixie").[2] For the following reasons, the motion to remand is **DENIED** and plaintiff's claims against co-defendant, Brittny Trosclair ("Trosclair"), are **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

This case arises out of a slip-and-fall accident at a store owned by defendant, Winn Dixie, and managed by Trosclair.[3] Plaintiff filed this lawsuit in the 23rd Judicial District Court for St. James Parish against both defendants, alleging that Winn Dixie "allowed a cooler near the bakery to leak water all over the floor" which caused plaintiff to fall and injure herself.[4] As to Trosclair, plaintiff alleges that she was "the manager [of] Winn-Dixie Store #1463 who failed to properly manage or supervise the store as to prevent the presence of hazardous and dangerous conditions."[5] Plaintiff also alleges a laundry list of boilerplate "actions and/or inactions, as well as the presence

---

[1] R. Doc. No. 5.
[2] R. Doc. No. 10.
[3] *See* R. Doc. No. 1-1.
[4] R. Doc. No. 1-1, at 2.
[5] R. Doc. No. 1-1, at 3.

1

of the following non-exclusive list of defects within said premises":

    a)    Failure to respond to unsafe conditions upon the property;
    b)    Allowing the existence of unsafe conditions upon the property;
    c)    Not properly maintaining the property (including the property's equipment);
    d)    Negligent supervision and/or maintenance of the property and its component parts;
    e)    Failing to warn visitors, guests, and/or invitees about deficiencies in the property;
    f)    Failing to warn visitors, guests and/or invitees about hazards upon the property;
    g)    Failing to warn petitioner of the existence of the hazard at issue herein;
    h)    Failing to provide safe and/or adequate means of ingress or egress to the property at issue;
    i)    Not timely correcting and/or fixing the known hazard at issue herein;
    j)    Failing to properly supervise employees that are responsible for keeping the property free from defects; and
    k)    These acts of negligence are pleaded specifically herein and are in addition to other acts of negligence which will be shown at the trial of this matter.[6]

Winn Dixie removed the above-captioned matter to this Court on the basis of diversity jurisdiction. With respect to the jurisdictional amount in controversy, Winn Dixie points to plaintiff's interrogatory responses that she "estimate[s] damages to exceed $75,000.00" and that she would not stipulate that "the amount in dispute in this matter is less than $75,000."[7]

With respect to complete diversity of citizenship, Winn Dixie contends that plaintiff improperly joined Trosclair, a citizen of Louisiana, to defeat complete diversity. Plaintiff's interrogatory responses add little factual detail to plaintiff's allegations regarding the basis for Trosclair's personal liability and merely assert "that the puddle of water remained on the floor for a period of time sufficient enough to confer constructive notice. However, upon information and belief, Winn-Dixie and its employees are aware the cooler at issue continues to leak and has leaked

---

[6]R. Doc. No. 1-1, at 2.
[7]R. Doc. No. 1-2, at 10.

for a significant period of time."[8] In addition, Winn Dixie attached to its notice of removal an affidavit by Trosclair affirming that she "did not personally witness" plaintiff's alleged accident and "[t]hat all employees of Winn-Dixie Store #1463 had a responsibility to report to management and address any potentially hazardous condition on the floor of the store, and she was not made aware of the presence of water or other liquid on the floor in front of the bakery case at the time of Ms. Martin's fall."[9]

## LAW & ANALYSIS

Plaintiff has now filed a motion to remand the above-captioned matter to state court on the basis of lack of subject-matter jurisdiction. The sole issue is whether Trosclair, a Louisiana citizen, was properly joined.

**A.     Standards for Removal and Improper Joinder**

The only jurisdictional basis implicated in this matter is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). "Under the federal removal statute, a civil action may be removed from state court to federal court on the basis of diversity because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 148 (5th Cir. 2015) (citing 28 U.S.C. § 1441(a)). If Trosclair is a properly joined defendant, then she defeats complete diversity of citizenship and plaintiffs' motion to remand should be granted. In the notice of removal and in opposition to the motion to remand, Winn Dixie contends that the doctrine of improper joinder allows the Court to disregard Trosclair's citizenship.[10]

In *Smallwood v. Ill. Cent. R.R. Co.*, the en banc Fifth Circuit explained that it has

---

[8] R. Doc. No. 1-2, at 8.
[9] R. Doc. No. 1-4, at 1.
[10] R. Doc. No. 1, at 3-4; R. Doc. No. 10, at 2.

3

"recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" 385 F.3d 568, 573 (5th Cir. 2004)(quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).[11] As to the second method, the Fifth Circuit held that the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574; *see also Int'l Energy Ventures Mgmt.*, 800 F.3d at 149 ("[Defendants] must prove their claim of fraudulent joinder by clear and convincing evidence.").

In order to assess plaintiff's possibility of recovery against Trosclair, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 574. "The focus is on plaintiff's pleadings at the time of removal . . . ." *Akerblom v. Ezra Holdings, Ltd.*, 509 F. App'x 340, 344 (5th Cir. 2013); *accord Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

---

[11]Actual fraud is not at issue. This Court has previously held that there is a "'third type' of improper joinder, sometimes called *Tapscott* misjoinder, which applies 'in instances in which the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant and there is no joint, several or alternative liability.'" *Fine v. State Farm Fire & Cas. Co.*, No. 15-80, 2015 WL 1810138, at *2 (E.D. La. Apr. 21, 2015) (Africk, J.) (quoting *J.O.B. Invs., LLC v. Gootee Servs., LLC*, 908 F. Supp. 2d 771, 773 (E.D. La. 2012) (Vance, C.J.)). That theory of improper joinder is likewise not implicated in this case.

4

"Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 574.[12]

State-law pleading standards govern whether a plaintiff has stated a claim against the non-diverse defendant for the purposes of the *Smallwood* improper joinder analysis. *See Int'l Energy Ventures Mgmt., L.L.C.*, 800 F.3d at 149. "Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action." *Scheffler v. Adams & Reese, LLP*, 950 So. 2d 641, 646-47 (La. 2007); *see also* La. Code Civ. P. 891(A) (stating that a petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation"). "The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief." *Id.* at 647.

**B.     Analysis**

The dispositive issue is whether plaintiff has stated a claim that Trosclair is personally liable to her. "Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013) (citing *Canter v. Koehring Co.*, 283 So. 2d 716, 721

---

[12]The Fifth Circuit noted the possibility that a "district court may, in its discretion, pierce the pleadings and conduct a summary inquiry" if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. If the pleadings are pierced, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. "Any contested issues of fact and any ambiguities of state law must be resolved in" favor of the plaintiff. *Id.*

(La. 1973), *superseded on other grounds by statute*, La. Rev. Stat. § 23:1032). "However, a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability." *Id.* (citing *Canter*, 283 So. 2d at 721).

This Court has previously considered the sufficiency of a plaintiff's allegations that a defendant-employee was personally liable in *Amaya v. Holiday Inn New Orleans-French Quarter*, No. 11-1758, 2011 WL 4344591 (E.D. La. Sept. 15, 2011) (Africk, J.). In *Amaya*, a plaintiff alleged that "she was sexually assaulted by two male 'hotel guests and/or patrons.'" *See id.* at *1. She filed a lawsuit in state court against the hotel and its general manager which lawsuit the hotel removed on the basis that the non-diverse manager was improperly joined. *See id.* The Court held that the petition, although "not an exemplar of clear legal writing," adequately stated a claim that the manager was personally liable based on detailed allegations as to the manager's personal "knowledge of the security problems on the sixteenth floor" and specific "ways in which [the manager] failed to take necessary precautions that could have protected [plaintiff] from the alleged assault." *Id.* at *3. Because "[a]n employee who has personal knowledge of a danger and fails to cure the risk of harm *may* be liable for a plaintiff's injuries under *Canter*," the Court concluded that the manager was properly joined and it granted a motion to remand. *See id.* (citing *Creppel v. Apache Corp.*, 2004 WL 1920932, at *3-4 & n.1 (E.D. La. Aug. 25, 2004) (Vance, J.)).

The Court also finds the decision in *Rushing v. Wal-Mart Stores, Inc.*, No. 15-269, 2015 WL 1565064 (E.D. La. Apr. 8, 2015) (Vance, J.), to be apposite and persuasive. In *Rushing*, the plaintiff sued a Wal-Mart store and its general manager. *See id.* at *1. The defendants removed on the basis of improper joinder of the manager and the plaintiff moved to remand. *See id.* The district court denied the motion to remand, concluding that the manager was improperly joined because the

plaintiff failed to state a claim by merely "generically alleg[ing] that [the manager] failed to supervise and to provide proper training and instructions to Wal-Mart's employees." *Id.* at \*4.

Having reviewed the available record and the applicable law, the Court concludes that plaintiff has not stated a claim against Trosclair. Nothing in plaintiff's petition or interrogatory response suggests anything beyond Trosclair's "general administrative responsibility" as a store manager and, accordingly, there is no basis for imposing personal liability. *See Moore*, 732 F.3d at 456-57 (explaining deficiency of allegations of "general responsibilities to oversee safety rather than on evidence of personal fault, as required to trigger individual liability under Louisiana law"); *see also Rushing*, 2015 WL 1565064, at \*3-4. Plaintiff's petition and interrogatory responses[13] with respect to Trosclair are simply too vague and non-specific to survive a Rule 12(b)(6)-type challenge. Plaintiff's bald assertion in her memorandum in support of her motion to remand that "Ms. Trosclair had direct knowledge of the leaking" cooler is supported by no citation to the record, and the Court can find no support for that assertion in plaintiff's allegations. Accordingly, this case lacks the allegation of personal knowledge which was present in *Amaya*.[14]

---

[13] Because Winn Dixie relies on the interrogatory responses to establish the amount in controversy, the Court will assume that it can consider them as a supplemental pre-removal source of facts relevant to the factual sufficiency of plaintiff's allegations as well.

[14] The *Smallwood*-type improper joinder analysis focuses on plaintiff's pleadings. *Akerblom*, 509 F. App'x at 344. The Trosclair affidavit submitted by Winn Dixie is immaterial to whether plaintiff stated a claim in her petition and, accordingly, the Court does not consider it.

Curiously, plaintiff argues that the Trosclair affidavit, which was prepared by *defendants* in connection with removal, demonstrates that *plaintiff* has stated a claim against Trosclair in her petition. R. Doc. No. 5-1, at 7. Even if the Court could consider the affidavit, the Court is not persuaded. Read in its entirety and without plaintiff's selective omissions, the affidavit states that "all employees of Winn-Dixie Store #1463 had a responsibility to report *to management* and address any potentially hazardous conditions on the floor of the store, and [Trosclair] was not made aware of the presence of water or other liquid on the floor in front of the bakery case at the time of Ms. Martin's fall." R. Doc. No. 1-4, at 1 (emphasis added). This statement does not suggest that Trosclair, as manager, had anything other than a general administrative responsibility to receive

7

In sum, plaintiff has failed to state a claim against Trosclair who is, therefore, improperly joined. The Court may ignore Trosclair's citizenship for the purpose of determining the existence of subject matter jurisdiction. The parties have asserted no other impediment to this Court's exercise of diversity jurisdiction, and the pleadings and notice of removal establish that diversity jurisdiction exists in this case. The motion to remand is therefore denied.

For the same reasons that plaintiff's motion to remand is denied, it is appropriate to dismiss plaintiff's claims against Trosclair. *See, e.g.*, *Ayala v. Gabriel Bldg. Supply*, No. 12-577, 2012 WL 1579496 (E.D. La. May 4, 2012) (Milazzo, J.) (finding improper joinder, denying motion to remand, and dismissing improperly joined defendant without prejudice), *aff'd Ayala v. Enerco Grp., Inc.*, 569 F. App'x 241 (5th Cir. 2014); *see also Williams v. Syngenta Corp.*, No. 15-644, 2016 WL 807762, at *10 (M.D. La. Feb. 3, 2016) ("Accordingly, this court and other courts within the Fifth Circuit have summarily dismissed improperly joined defendants.") (collecting cases).

## CONCLUSION

**IT IS ORDERED** that plaintiff's motion to remand is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant, Brittny Trosclair, are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, March 14, 2016.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

reports from employees regarding potentially hazardous conditions and it does not suggest that she in fact received such personal knowledge, let alone breached a duty to act upon it.